I'll next hear Fernandez v. Zoni Language Centers. Joshua Androfi for the appellants. May it please the court. The district court in this action erred by dismissing the action on the 12B6 motion and holding that the appellants are exempt employees under the FLSA. It was wrong of the district court to decide that the teacher at an educational institution exemption applies in this case because Zoni is not an educational institution within the meaning of the Department of Labor regulations. And this turns on the other educational institution phrase in the statute, is that right? That's correct, your honor. Do you have a view, Mr. Androfi, on what is the purpose of that requirement? In most of the learned profession situations, if you're a lawyer, you're exempt. It doesn't matter whether you're a lawyer for a law firm or a lawyer for a manufacturing company. In this instance, the critical piece that you're challenging is, I think it's, I'm right, that you can see that they're teachers, that they're full-time teachers. Correct. And the only problem is that they're not teachers in an educational institution, is your argument, right? So why in trying to understand what the regulation means, it seems to me it would be useful if there were some idea of why that requirement exists. Yes. I think, unfortunately, the legislative or, in this case, the regulatory history is minimal or nonexistent. And I think the district court itself acknowledged there really isn't any indications of what the other educational institution Isn't it plausible to think that the principal point here is to separate out people whose job is to instruct employees and that's all they do all day within the context of a manufacturing or service company from those who are employed by some freestanding institution whose sole purpose is education? I think that certainly is plausible. I don't think that is Well, what other purpose would there be? If I look at this, and I realize that Judge Kestel very learnedly applied a six-factor test that another district court had used, but I tend to think it's rather simpler than that, that the main distinction here is does the teacher work for an educational type institution or does she work for some other kind of company? And I don't know what other kind of company Zony is other than an educational company. So could you help me out with why this isn't a no-brainer? Right. Well, I think looking at that and looking at some of the other cases decided at the district level, in fact, some of the cases where courts have found there to be educational institutions How about is there one where a court has found that a freestanding school that has no other purpose than providing instruction, that's how it makes its money, is by giving instruction and charging for it, is not an educational institution? Is there any case like that? I don't believe there is any case And is there any reason why there should be? Can you explain to me why it would be the case that someone who works full-time as a teacher, undisputedly, for an institution whose entire purpose is providing teaching is not a teacher in an educational institution? I think there's I think looking at the regulation that defines educational establishment But wouldn't you, wait, excuse me, I'm sorry, I'll let you answer. The fact that when it discusses post-secondary career programs, for example, it says factors relevant to that include whether the school is licensed by a State agency, whether it's accredited, it doesn't say a factor is whether this is an institution that has I guess some business other than education. But you would agree with me, wouldn't you, that there is no definition of other educational institution. There are only certain examples of how that standard applies to certain particular entities of which ZONI is not one. So then how else are we, where should we draw some understanding of what is not an educational institution or what it is about ZONI, in your view, that disqualifies it from that designation? I think that the proper burden and the proper question is on the defendants to show that this is plainly and unmistakably They say a teacher in an educational institution is exempt. The definition of educational institution is a couple of things that don't apply and an other educational institution. That's all we've got. And they say of course it's an educational institution. It's an institution and it educates. Now you tell me what's wrong with that. I think what's wrong with that is that the regulation tells us another educational institution is, one thing it is, is special schools for gifted. It says including. It says including, which suggests that those are among things of this sort. But it doesn't say that. And indeed, if those were the ones, you would expect not a phrase like other educational institutions. You'd expect those two things to be listed along with secondary higher education and then the two things which are given after. But instead it says other educational institutions including something else. How does that in any way diminish the force of the question that Judge Lynch asked you? I understand the includes, as your Honor suggests and as Judge Castell said, suggests that there's more than the next thing that is listed. So the regulation says includes. But even more than that, if those were the only two, you would expect them to be listed rather than to have anything else. It's a remarkable use of language when you've got only, if this is meant to be only two, not to just list them. It says includes, then it lists one. Then it says factors relevant to post-secondary career programs, which is a second type of institution, are licensing and accreditation. There's nothing else in the regulation that suggests two things. If anything else and then what else is an educational institution? There might be a broader argument that says there are some people who are doing teaching who are so much automatons that they are not really professionals and in a way that is what you are suggesting about these particular people. But the problem with that is that that requires you to challenge the regulation as being reasonable under the Act. And that you haven't done. And you know, that might be an interesting challenge. It says there are some people who work for educational institutions who are teachers but who don't have any of the independence because of which this Act shouldn't apply. But that's not an argument you've made. Right. I've not argued that. I do think that kind of comes into the sort of the eight-factor test that the district court applied. Why should it? That goes to whether you're a teacher, a genuine bona fide teacher or just somebody who's punching buttons and you know, presenting materials that someone else has prepared in a PowerPoint. But that doesn't, but you've conceded they're teachers. So why does that make it not an educational institution if it's an educational institution that operates with a top-down control model that tells teachers how they should teach? That may make it not a good educational institution, but I'm still having trouble understanding what it is if it's not an educational institution. Well, I think those factors tie into I think as Judge Calabresi was suggesting, the professional you know, the statutory exemption that this derives from, the professional. And you know, looking at the educational institution, some of the factors are what certifications are required of the teachers, what role do the teachers have in organizing. Yeah, but other than the two factors that you point to as in the regulation with respect to post-secondary career programs, all those factors are just made up. I mean, maybe we should make them up. That's what courts do when they don't have anything better to guide them. But what, I don't understand where those factors come from that would say, oh, it's not an educational institution if it's not accredited by a national educational, a national accrediting organization. If that weren't in the regulation for post-secondary, I don't have any idea why that would be relevant or important. Are we just, you know, making things up for these eight factors? I think, I guess, multiple courts have looked at, you know, considered those factors, and I think they're dealing with the same question of what, you know, what is in that, is this an educational institution if it doesn't, if it doesn't fit the criteria listed in the regulation? And I... You continue to avoid the fact that the regulation does not provide examples as mandatory requirements. It uses the including language, which suggests that those institutions are clearly brought within the statutes, the ones for which the two examples are given, but that that's by no means exhaustive. Don't we have to construe it that way? Well, I think, looking at how the FLSA has to be construed, as this Court has said, and as the Supreme Court has said, exemptions have to be construed narrowly and only including... Right, but Congress has used language like including. There's ample case law that that means that what follows is illustrative, not exhaustive. Right. I think the problem here, though, with if we're applying narrow construction that the Supreme Court and this Court has mandated, there may be other institutions, but we don't know from this plain language of the regulation. In order to win, don't you have to come in with something that convinces us that other educational institutions is a limited concept that does not cover something like this? So in the way that a manufacturing company that has some people teach, that is not an educational institution. Or private for profit are not educational institutions, or something. But you have to have something in the regulations, in the history, in the language that tells us that what on its face is somebody who is there in the business of teaching and hire people to teach is not an other educational institution. And I don't see anything in any of your arguments that gives us any help on that. I think there's a couple of points on that. One, the requirement that it be an educational institution, that's a requirement that must have some meaning. The regulations don't just say if you're a teacher, you're exempt. It's a teacher at an educational institution. Dr. Lynch gave you an example. A manufacturing company that hires somebody to do something which could be called teaching to some of its employees. And that, on its face, does not look like an other educational institution. So you've been given an example of why you might want language of that sort. What I want to know is why this particular defendant fits into some category like that than what the language seems to apply to. I think Judge Lynch's example is certainly one example of where someone who might be considered a teacher is not a teacher at an educational institution. But I think my argument really hinges on that. It's really the employer or the institution that needs to show that plainly and unmistakably is an educational institution in accordance with the language of the regulation. And I concede the language certainly, I guess, provides the possibility that there are other institutions, but it doesn't identify those. And so I don't see how a court can find that this particular English as a Second Language school is plainly and unmistakably within the terms of this regulation an educational institution, when it certainly does not fit under any of the specific institutions identified as an other educational institution. Thank you very much. We'll hear now from your adversary. Mr. Latzman, is it? Yes, Judge. Good morning. My name is Stephen Latzman. I represent the defendants. It's clear from the allegations in the First Amendment complaint that the defendants clearly are within the terms and spirit of the exemptions contained in the FLSA. What was done below was an examination of the complaint and the allegations in the complaint and the matters upon which the court took judicial notice on which there was no objection whatsoever. The regulations establish, the regulations provide for defining educational institution as a elementary or secondary school system, an institution of higher learning or other educational institutions. Suppose I set up a company to run bar review courses and I hire some people who have not gotten any other jobs in this difficult law market to do that. Is that an educational institution? It could be. Is it or could it be? I mean, what is it that makes you say, well, this might not be? I'm in the business of teaching and that is, I'm in the business of teaching people to do bar reviews and that's all my business is, and I hire flunkies to do that. Is that covered by this statute? Again, I'll answer the same way. It depends on the nature of the establishment. What we have here is a business, a defendant's business, which first, the purpose of the enterprise is, as alleged in the complaint, say defendants operate a chain of English language centers. Yeah, and in my example, the defendant has a chain of bar review things for a variety of different states and different things and does it. I'm surprised that you asked it could be because that raises question about whether it is and then we'd have to see beyond just that initial state. Put another way, the question is, what factors are you applying that would be relevant to Judge Calabresi's bar review operation that would make it either an educational institution or not an educational institution? As Judge Costell found, defendants share significant attributes with traditional schools and that's what the complaint shows. The allegations in the complaint show significant attributes shared with traditional schools. That's how the determination is made as to whether... So they've got bricks and mortar? They've got a location that has a sign out front saying school? No. Is that the difference from Judge Calabresi's example? No. They're licensed, my clients are licensed, by the state of New York. They're subject to a comprehensive regulatory scheme. I'm interested in what you're saying because Judge Lynch, with opposing counsel, said this is a very simple issue. We don't look at other factors. Here we are and that's it. You instead are making it much more complicated and the moment you make it more complicated, then we have to start looking at these factors and seeing how they apply here. Now, we may still come out your way, but it isn't quite as simple as it initially seemed, is it? Well, Rose... It's not so simple, it starts to sound like maybe there needs to be further discussion, maybe there needs to be a jury trial applying a multifactorial test. The attributes of this business, the defendants' learning centers, as being licensed, as being taught as the students, the teachers, teaching a set curriculum with standards, with exams, with class schedules, with homework, with observation... Your point is that there may be grey areas, but you're not in the grey area. No, no. The allegations in the complaint clearly indicate that there is no grey area here. I have a practical question that may or may not inform our analysis of this. Often when people are treated in this professional exception, they are salaried workers rather than hourly workers. Yours are hourly workers, right? Correct. Am I correct in understanding that no one would think that these teachers' work is limited to the classroom time? I mean, that they would have to do some out-of-classroom work to do their job? That is correct. That's the complaint. And you don't pay them anything for that? So, basically, you acknowledge that they have to do out-of-class work. You're paying them on an hourly rate, but you don't pay them for the hours they're working out of the classroom. There's no legal requirement that they be paid for that. That's part of their job. I mean, when you acknowledge that they have to work outside the classroom, that you don't pay them anything, I could see where you would put a cap on it and we'll pay you for X number of hours because you don't want someone saying that they're working, you know, 40 hours outside the classroom, but, you know, here we've got 3 hours outside, 4 hours outside, and you just don't pay them anything for that. Is that right? That's included in their hourly rate that they're paid for in-class time. How? I mean, because some people are working 3 hours outside the classroom and some people are working 7, so how do you include it? The understanding is that their hourly rate includes the necessary time to prepare for classes. And if some take more hours... You're saying it's like a salary, only the salary is computed according to how many hours are spent... Essentially, Judge, yes. I mean, even an adjunct law professor who might get paid something like $10,000 or $12,000 or $15,000 per credit hour, which is a lot of money, it's expected that they'll do preparation outside the classroom, but the monetary compensation is keyed to how many hours of classroom instruction there are. That is correct. And if they are exempt, there is no requirement of what that minimum wage for that hour or what that salary must be. That is correct. So that if they fit in the category, you're OK, but if they don't, because it isn't really an educational institution, I'm a part of these things. Or if the way that has been applied does things that deal with workers, but the main language of the statute, not of the regulations, then they'd have to argue that these regulations are unreasonable given the meaning of the statute. Well, clearly the regulation, section 13A1 of the FLSA, delegates to the Department of Labour the determination of exemptions. Well, yeah, but it has to be within the meaning of the statute. And if the regs under this statute said that anybody whom a manufacturing company, that teachers are exempt, and anybody whom a manufacturing company hires to do a little bit of showing what somebody else lower down in the company has to do is exempt, one might say, is this a proper reading of the statute? That's not an issue. That's not an argument that's been raised by appellants. How much are they paid, by the way? $17 an hour, isn't it? We don't dispute what the allegations are in the complaint. I mean, I can read it, Judge. But to come within the exception, are they required to make a certain amount a week? No. Not if they're teachers. Not under this type of exemption. There are other exemptions. The duty requirement is all that is applicable to teachers. Exactly. All right. Anything else? No, Judge. Thank you very much. Thank you. Mr. Anderfee, I think you've reserved some time in rebuttal. Yes. As Mr. Latzman just, I think, discussed, there's no requirement, and we agree on this, there's no, if they are teachers at an educational institution, there's no requirement that they be paid a minimum wage. I think that really goes to the sort of almost additional reason why this needs to be construed narrowly, consistent with what the Court has said generally about FLSA exemptions. Here, there's no even protection that they be paid at all for any hours, and it's a very strong, broad exemption. It doesn't have a salary requirement. That would be true of a Catholic parochial school, a grammar school too, wouldn't it? Right. It would be true of any school, but I think. That's clearly an educational institution, and it would be just as unfair if they had teachers that they paid in peanuts instead of in dollars. Undoubtedly. But they clearly come within this exemption under the regulation, and taking, you know, when you take the remedial purpose and the language that the Supreme Court and this Court have said about narrowly construing this, I think there's. But how do you narrowly construe extremely broad language? Well, it's an extremely, I think, I use the word broad exemption. It's, I guess, a powerful exemption that there's no salary requirement unlike the regular professional exemption. But I don't think there is broad language. And, you know, looking at the statute itself, after that gives the professional exemption and there's a parenthesis that says including teacher in elementary or secondary school, the Department of Labor has expanded that definition,  of what the Department of Labor could do. But in giving that expansive definition that includes other educational institutions, I think given both the statutory language of 13A1 and the power of this exemption that there is no salary requirement, I think court needs to really construe this narrowly because it is such a powerful exemption and that there's no salary requirement. Does that really go to the nature of the institution or to the nature of the people who are working there? That is, you are asking us to make distinctions between institutions whose job is teaching and you say some of them are educational and some of them are not. And then what you're really coming back to is there are some people working here whom this statute was somehow designed to protect. And my problem is that I don't doubt that that is so, but I find it very difficult to use that as a way of saying this teaching institution is in and this teaching institution is out because some of the people who may work there are people I'd like to see protected and some of the people are not. It just becomes an impossible thing for me to do as a judge. Well, I think the regulation in saying that it applies to elementary, secondary, higher education institutions, it applies in some circumstances to post-secondary career schools, but not in all circumstances. Otherwise, you wouldn't have the language of, these are relevant factors. Let me go to that bar thing, which I gave because it would cause some trouble. Suppose a person they hire to do some of that teaching is a federal judge who cannot get a salary more than a minimal amount while being an active judge. So in terms of getting salary, that person is as badly treated as the flunky I described before. Is there any doubt that that person is not protected by the statute? It's fine. I mean, I don't think there's any question. So we're talking then about individuals, but that can't be what we're talking about. Well, I think as the appellees acknowledged in answering Your Honor's question, basically it depends on the nature of the establishment. Well, let's talk about the nature of the establishment. One could perhaps study English as a second language at a university which had a continuing education program. Or one could study it over a neighbor's kitchen table who spoke both your native language and English and was willing to help you learn English. Or one could go to an institution such as the defendants have. And they're saying that because they are licensed, accredited, use a curriculum, have certain standards for what needs to be taught, they are more like the university than the kitchen table. Why aren't they right? Yeah, I think there are certain factors, certain of the factors that the district court looked at that you would expect in an educational institution that you don't have here. You don't have granting of a degree or a- You don't have a certificate. I mean, you know, stick with what I gave you. Even if it's not, you know, NYU's continuing education program, why isn't it an educational institution when it is? It's licensed, certified, grants certificates, has a curriculum. The teachers have to at least have a college degree. I mean, why isn't it an educational institution in those circumstances? I think there is, you know, they don't have to have, for example, a teaching certificate, which is something you would expect at an educational institution. So that, too, has been found not to be required in other contexts. Correct, correct. But those other contexts- That hasn't been found to be a sine qua non. Right. I don't think there's any, you know, necessarily, you know, mandatory factor, you know, that other courts have found. But not having a teaching certificate, not- While they do provide certificates, a program that you go to, you know, for three weeks at a library can provide you a certificate. That doesn't really do you much. It's just a piece of paper. Okay, thank you. I think we understand. Thank you very much, gentlemen. We're going to take the case under advisement.